STATE OF MAINE *vs.* JOHN C. SLORAH.

York.    Opinion July 14, 1918.

*Criminal law.    General rule of law as to exceptions being considered by Law Court before case is fully disposed of.*

Exceptions to an order of the Justice presiding at nisi prius directing that a trial for the crime of murder be continued to the next trial term on account of incidents occurring at a view which the presiding Justice considers prejudicial to a fair trial, should not be presented to the Law Court until the determination of the cause at nisi prius; and if prematurely presented, they will be dismissed from the Law Court.

Respondent was indicted for the crime of murder and placed upon trial. The presiding Justice, on account of certain matters arising while the jury was viewing the premises, ordered that the case be continued; to which ruling counsel for respondent filed exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*Guy H. Sturgis, Attorney General,* for the State of Maine.

*Franklin R. Chesley, County Attorney,* for the County of York.

*Emery & Waterhouse,* for respondent.

MORRILL, J. The respondent was indicted for the crime of murder at the September term, 1917, of the Supreme Judicial Court, in York County; on the sixth day of the term he was arraigned and pleaded not guilty; his counsel gave written notice that a plea of insanity would be entered and filed a motion that the respondent be committed to Augusta Insane Hospital for observation; the motion was granted.

At the January term, 1918, the respondent was placed at the bar for trial and a jury was duly impanelled. On motion of the respondent's counsel, and with the consent of counsel for the State, a view of the premises where the alleged crime was said to have been committed, was granted. Upon the return of the jury, respondent and counsel to the court room, the Attorney General made known to the presiding Justice, in open court, that the respondent fell down on the piazza of the house where the view was to be taken, and in the presence and in close proximity to the jury, made something in the nature of a groan, wept and made the remark, "My God! Take me away from here, or I shall be insane again;" it further appeared that this incident occurred as the jury was about to enter the house and that thereupon the respondent was taken by the officer in charge to another house and was not present during the remainder of the view.

The presiding Justice being of the opinion that if the trial were to continue, it would result in a mistrial, made the following order:

"By order of Court, and by reason of incidents arising during the view granted by the Court, on motion of respondent's counsel, consented to by the State, such incidents being, in the judgment of the Court, prejudicial to an impartial trial of the case before this Jury, and it being inexpedient to summon another Jury at this time, the report of such incidents having been made in open court through the counsel and officer in charge of the prisoner, such report being made a part of this order, it is ordered that this Jury be excused from further consideration of this case, and that the respondent be remanded to await trial at the May Term of this Court in Alfred."

To the foregoing order directing a continuance of the case, the respondent has exceptions, which have been presented and argued by his counsel at the present term of the Law Court. The respondent was therefore not tried at the term to which the continuance was ordered.

We are of the opinion that the exceptions have been prematurely presented. Exceptions should not be sent to the Law Court until the case is fully disposed of in the trial court. In accordance with the opinion in *State* v. *Brown*, 75 Maine, 456, which rules this case, the entry must be,

*Exceptions dismissed from this court.*